UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY,<br><br>        Plaintiff,<br>v.<br><br>CATHOLIC HEALTHCARE WEST MERCY HOSPITAL,<br><br>        Defendant. | Civil No. 10cv2264 JAH (POR)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM; DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT** |

      Plaintiff, a non-prisoner appearing *pro se*, has filed a complaint asserting violations of the Americans with Disabilities Act and Rehabilitation Act. Plaintiff also filed a request to proceed *in forma pauperis* and a motion for appointment of counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

      Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking

monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). <u>Lopez</u>, 203 F.3d at 1127.

As currently plead, it is clear that Plaintiff's complaint fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Navarro</u>, 250 F.3d at 732. Dismissal is also warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984); <u>see</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. <u>Robertson</u>, 749 F.2d at 534.

**AMERICANS WITH DISABILITIES ACT**

Plaintiff claims that on April 21, 1995, he was injured while working at Defendant Mercy Hospital. According to plaintiff that injury caused disability to his lower back and exacerbated a pre-existing ankle injury. Plaintiff contends his employer failed to provide the requisite medical treatment and subsequently terminated him on the following day, April 22, 1995, because of his disability.

Under the Supreme Court's McDonnell-Douglas burden-shifting approach, to state a claim under the Americans with Disabilities Act ("ADA") Plaintiff must first establish

a prima facie case of discrimination by demonstrating that 1) he is a disabled person within the meaning of the ADA; 2) is able to perform the essential functions of the job; and 3) the employer terminated him because of his disability.  Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).

The minimal allegations pled by plaintiff do not contain facts that establish a prima facie case of discrimination under the ADA.  Initially, plaintiff has not demonstrated how an injury to his lower back and ankle renders him disabled within the meaning of the ADA.  Further, plaintiff has not pled any facts indicating he was able to perform his job duties on the date of his termination.  Finally, plaintiff has not shown a nexus between his back injury and subsequent termination.

**REHABILITATION ACT**

In order to establish a prima facie case of discrimination under the Rehabilitation Act, plaintiff must demonstrate "[he is] an 'otherwise qualified handicapped individual' for purposes of the Act and . . . was terminated because of [his] handicap."  Reynolds v. Brock, 815 F.2d 571, 574 (9th Cir. 1987). An "otherwise qualified individual" is someone "who is able to meet all of a program's requirements in spite of his handicap." Id. (citing Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979)).

As mentioned previously, plaintiff has not pled any facts to demonstrate he is handicapped.  Nor has plaintiff shown he could perform his work duties "in spite of his handicap."  Accordingly, plaintiff has failed to establish a prima facie case of discrimination under the Rehabilitation Act.

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's complaint must be *sua sponte* dismissed pursuant to Section 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Because the complaint must be dismissed, Plaintiff's motion to proceed *in forma pauperis* and request for appointment of counsel are moot.

    IT IS HEREBY ORDERED that:

1. The instant complaint is *sua sponte* **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted;
2. Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot; and
3. Plaintiff's request for appointment of counsel is **DENIED** as moot.

Dated: December 7, 2010

                                                John A. Houston
                                                United States District Judge